IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:15-cr-238-SI |
| v. | **OPINION AND ORDER ON DEFENDANT HEINE'S MOTION TO COMPEL ADDITIONAL DISCOVERY, JOINED BY DEFENDANT YATES** |
| **DAN HEINE and DIANA YATES**, | |
| Defendants. | |

Billy J. Williams, United States Attorney, and Claire M. Fay, Michelle Holman Kerin, Quinn P. Harrington, and Scott E. Bradford, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF OREGON, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for the United States of America.

Jeffrey Alberts and Mark Weiner, PRYOR CASHMAN, LLP, 7 Times Square, New York, NY 10036; Caroline Harris Crowne and Michael C. Willes, TONKON TORP, LLP, 1600 Pioneer Tower, 888 S.W. Fifth Avenue, Portland, OR 97204. Of Attorneys for Defendant Dan Heine.

Janet Lee Hoffman, Kelsey R. Jones, Andrew T. Weiner, and Katherine Feuer, JANET HOFFMAN & ASSOCIATES, LLC, 1000 S.W. Broadway, Suite 1500, Portland OR 97205; Matthew J. Kalmanson, HART WAGNER LLP, 1000 S.W. Broadway, Suite 2000, Portland, OR 97205. Of Attorneys for Defendant Diana Yates.

**Michael H. Simon, District Judge.**

Defendants Dan Heine ("Heine") and Diana Yates ("Yates") are charged with conspiring to commit bank fraud and making false bank entries, reports, and transactions during the time that they were the two most senior officers of The Bank of Oswego (the "Bank"). ECF 1

(Indictment). Pending before the Court is Defendant Heine's Motion to Compel Additional Discovery (ECF 412), which has been joined by Defendant Yates (ECF 443).[1] Defendant Heine seeks an order compelling the government to produce additional documents and information in four categories. On October 5, 2016, the Court heard oral argument on the pending motion. ECF 447 (Minutes); ECF 448 (Transcript). For the following reasons, Defendant Heine's motion to compel additional discovery, joined by Defendant Yates, is granted in part and denied in part.

## DISCUSSION

### A. Identity of Confidential Human Source

Heine asks that the government be required to disclose the identity of the "Confidential Human Source" who was referenced in a report produced by the government. In response, the government states that it will provide that information. In addition, the government recently represented to the Court and the parties that it has done so. Accordingly, Heine's first request for additional information is denied as moot.

### B. Statements of Assistant U.S. Attorney Fay Related to Her Hearing Testimony

Defendant Heine also asks that the government be required to produce all "statements" of Assistant United States Attorney ("AUSA") Claire M. Fay that are within the scope of Rule 26.2 of the Federal Rules of Criminal Procedure.[2] Both Defendant Heine and Defendant Yates have filed motions to suppress certain evidence. ECF 308 (Defendant Yates's Motion to Suppress) and

---

[1] Defendant Yates's motion is captioned "Defendant Yates's Motion to Join Defendant Heine's Motion to Compel Additional Discovery (ECF 443). To the extent that Defendant Yates seeks leave to join Defendant Heine's motion to compel, such leave is granted. To the extent that Defendant Yates seeks an order compelling the government to provide the additional documents that Defendant Heine seeks in his motion, Defendant Yates's motion is granted in part and denied in part for the same reasons that the Court grants in part and denies in part Defendant Heine's motion to compel.

[2] Rule 26.2 applies at a suppression hearing. Fed. R. Crim. P. 12(h) and 26.2(g).

ECF 315 (Defendant Heine's Motion to Suppress). On August 22, 2016, the Court heard

testimony and received documentary evidence during the first day of a suppression hearing. At

the request of all parties, the suppression hearing was continued until November 7, 2016.

ECF 433 and ECF 434.

Shortly before the August 22 hearing, Defendant Heine subpoenaed AUSA Fay to testify

at that hearing. ECF 400-1. The government timely moved to quash the subpoena (ECF 400), but

the Court denied the government's motion to quash. ECF 402. The government then called

AUSA Fay as its first witness. ECF 404. After the government concluded its direct examination,

counsel for Defendant Heine conducted cross-examination. There was no redirect. After the

examination of AUSA Fay concluded, the government called its next witness. At no time before

concluding his cross-examination of AUSA Fay did Defendant Heine move, pursuant to

Rule 26.2, for the production of AUSA Fay's prior statements.[3]

At some point after August 22, 2016, Defendant Heine requested from the government

AUSA Fay's statements pursuant to Rule 26.2. In the pending motion to compel, Defendant

Heine argues that the suppression hearing has not yet concluded and that AUSA Fay's statements

likely will be relevant to the examination of the Federal Deposit Insurance Corporation ("FDIC")

---

[3] Rule 26.2 of the Federal Rules of Criminal Procedure places into the criminal rules the substance of the Jencks Act, 18 U.S.C. § 3500. *See* Fed. R. Crim. P. 26.2 advisory committee note to 1979 addition. Rule 26.2(a) provides:

> *Motion to Produce*. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, *for the examination and use of the moving party*, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a) (emphasis added).

PAGE 3 –OPINION AND ORDER

witnesses who will testify on November 7 and also may be useful as relevant documentary evidence on their own.

The government makes two arguments in response. First, the government states that Defendant Heine did not present his motion under Rule 26.2 while the witness (AUSA Fay) was on the stand. Instead, Heine first made his request after AUSA Fay had been excused and, at least implicitly, released by the Court from her subpoena. Thus, according to the government, Heine's motion is untimely and should be denied on that basis. Neither the government, in its response to Heine's motion to compel, nor Heine, in his motion or reply, refers the Court to any relevant legal authority that sheds light on the question whether a motion under Rule 26.2 must be made before the witness has been excused. The Court notes that the text of Rule 26.2(a) provides that the production is "for the examination and use of the moving party." This lends some support for the proposition that after the examination has concluded, a party's right to compel production under this rule may have expired.

In addition, a decision from the Second Circuit also supports the conclusion that a request under Rule 26.2 for a witness's statement must be made before that witness's testimony has concluded. In *United States v. Scotti*, 47 F.3d 1237 (2d Cir. 1995), the government called as its first witness FBI Special Agent Brian Taylor. Agent Taylor had taken notes during the FBI's interview with John Egnat and also had prepared a written report of that interview. The written report of the Egnat interview was disclosed to the defendant, Scotti, but the trial court denied Scotti's motions during and after trial for production of Agent Taylor's notes. During his cross examination, Agent Taylor acknowledged that he had retained copies of his notes from the Egnat interview.

The Second Circuit observed that the notes were not Agent Taylor's "statements" for purposes of Rule 26.2(f)(1), although they "may have been discoverable as a statement by John Egnat." *Scotti*, 47 F.3d at 1249. Scotti made his first motion for production of Agent Taylor's notes of the Egnat interview after Agent Taylor's direct testimony, but before Egnat was called by the government as a witness. Scotti next requested Taylor's notes of the Egnat interview after trial in a posttrial motion. As the Second Circuit explained:

> Scotti did not make a timely and sufficient motion for production of any of Agent Taylor's notes which might have qualified as Egnat's statement. He made his first request for the notes during his cross-examination of Agent Taylor, the government's opening witness; that request was not in reasonable proximity to Egnat's testimony on direct examination. When Scotti's counsel attempted to cross-examine Agent Taylor on the content of the notes, Judge Nickerson apprised him of the proper use of the notes as impeachment material:
>
>> This is all going to be hearsay. The way you can use these notes is if Mr. Egnat gets up and testifies to something and there is something inconsistent in the notes, then you can cross-examine him on that.
>
> Upon timely motion, and a finding that the notes qualified as Egnat's statement, the court clearly would have given Scotti the opportunity to use Agent Taylor's notes to impeach Egnat. But Scotti's counsel did not move for production of the notes at any time right before or after, or during, the government's direct examination of Egnat, and he completed his cross-examination without making a Rule 26.2 motion.

*Scotti*, 47 F.3d at 1250. The Second Circuit held that "the district court did not err in denying Scotti's final motion under 26.2 or his motion for a mistrial." *Id.* at 1251. Although AUSA Fay's notes might not be hearsay under Fed. R. Evid. 801(d)(2)(D) (statement of party-opponent made by authorized agent), the Second Circuit's decision in *Scotti* supports the conclusion that a motion under Rule 26.2 must be made after the witness whose statement is requested has been called by the opposing party but *before* that witness has concluded his or her testimony.

This conclusion is further supported in the secondary literature. For example, in Robert M. Carey, Craig D. Singer, and Simon A. Latcovich, *Federal Criminal Discovery* (ABA 2011), which cites *Scotti*, the authors state:

> Although the rule [Rule 26.2] does not specify *when* either side must move for the production of Jencks material, the language suggests that a party should move to obtain the statements once that party becomes entitled to them—that is, after a witness for the opposing party has testified. *Timing is critical, and asking either too early or too late can result in a waiver.*

*Federal Criminal Discovery* at 211 (first emphasis in original; second emphasis added) (footnotes and citations omitted).

The government's second, and alternative, argument is that it has already produced to Defendants all of the required documents. The government represents that before AUSA Fay's testimony had begun,

> the government provided the parties detailed hand-written notes of her conversations with FDIC attorneys and produced all of her communications with the FDIC. On August 30, 2016 [after the August 22 testimony], the government, pursuant to its prior agreement to provide correspondence between the USAO and the FDIC civil investigators, produced an email from AUSA Fay to Lori Honjiyo [of the FDIC]. . . . The government does not believe any additional documents exist, however, defendant's request is improperly timed and should be denied as a result.

Government's Response (ECF 430), at 5.

The Court holds that Defendant Heine's motion under Rule 26.2 is untimely because it was first made after the witness whose statements are sought (AUSA Fay) had concluded her testimony. To that extent, Defendant Heine's motion is denied. The Court, however, observes that the government acknowledges having already made several misstatements concerning discovery issues, albeit unintentionally according to the government. Thus, if the government discovers additional responsive statements by AUSA Fay that would render inaccurate the

government's representation that no such additional documents exist, the government must promptly inform the Court and the parties that its previous statement was inaccurate. In that event, depending upon the circumstances presented, the Court may reconsider its ruling on this issue.

## C. Emails Between Special Agent Wixted and FBI or U.S. Attorney's Office

Defendant Heine further asks that the government be required to produce all emails (the "Wixted Emails") from May 1, 2012 to the present, relating to the Bank or its current or former employees, that were sent between Special Agent Michael Wixted of the FDIC's Office of Inspector General ("FDIC-OIG") and either the FBI or the United States Attorney's Office ("USAO"). Defendant Heine argues that Agent Wixted of the FDIC-OIG "was the nexus of the cooperation between the FDIC and the FBI." Defendant Heine's Motion to Compel (ECF 412) at 6. The government responds that, as AUSA Fay testified, Agent Wixted became "a member of the prosecution team in June 2013." Government's Response (ECF 430) at 10. The government has represented to the Court and the parties that it either has or promptly will produce all responsive emails and other communications between Agent Wixted and either the FBI or the USAO from May 1, 2012 through June 2013, before Agent Wixted joined the government's prosecution team.[4]

The government, however, objects to the breadth of Defendant Heine's request that the government search for and produce *all* emails (or other records of communication) related to the Bank (or its current or former employees) between Agent Wixted and either the FBI or the USAO *after* Agent Wixted joined the prosecution team in June 2013. The government represents

---

[4] As the government further explained in the Government's Status Report Regarding Discovery, the government has served two subpoenas on the FDIC and one subpoena on the FDIC-OIG. *See* ECF 440.

that it will produce all material that it is obligated to produce under *Brady v. Maryland*, 373 U.S.
83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).[5]

To the extent, however, that Defendants Heine and Yates contend that they are entitled to
the requested Wixted Emails under Rule 16 of the Federal Rules of Criminal Procedure after
Agent Wixted joined the prosecution team, the government objects. The government adds that it
has asked Defendant Heine to provide a more narrowly tailored request, but he has refused.
Government's Response (ECF 430) at 6.

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure provides:

> *Documents and Objects.* Upon a defendant's request, the
> government must permit the defendant to inspect and to copy or
> photograph books, papers, documents, data, photographs, tangible
> objects, buildings or places, or copies or portions of any of these
> items, if the item is within the government's possession, custody,
> or control and:
>
> > (i) *the item is material to preparing the defense*;
> >
> > (ii) the government intends to use the item in its case-in-
> > chief at trial; or
> >
> > (iii) the item was obtained from or belongs to the
> > defendant.

Fed. R. Crim. P. 16(a)(1)(E) (emphasis added). Defendants argue that the Wixted Emails are
material to preparing their defense, including their pending motions to suppress.

---

[5] "Under the landmark case of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), prosecutors
are constitutionally obligated to disclose 'evidence favorable to an accused . . . [that] is material
either to guilt or to punishment.'" *Amado v. Gonzalez*, 758 F.3d 1119, 1134 (9th Cir. 2014)
(alterations in original) (quoting *Brady*, 373 U.S. at 87). *Brady* material includes impeachment
evidence and exculpatory evidence. *Kyles v. Whitley*, 514 U.S. 419, 433 (1995). Thus, the
government is required to disclose evidence adversely affecting the credibility of key
government witnesses. *Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The prosecution
has a "'broad obligation'" to disclose relevant information under *Brady*. *Amado*, 758 F.3d
at 1133 (quoting *Strickler v. Greene*, 527 U.S. 263, 281 (1999)).

Even if the Defendants make the required showing of materiality, however, the government argues that the Wixted Emails prepared after Agent Wixted joined the prosecution team are exempt from discovery under Rule 16.[6] Rule 16(a)(2) provides:

> *Information Not Subject to Disclosure*. Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500.

Fed. R. Crim. P. 16(a)(2). Sub-sections (A), (B), (C), (D), (F), and (G) of Rule 16(a)(1) are not relevant to the pending motions to compel. As explained in *Federal Criminal Discovery*, "[a] given item is within the scope of (a)(2)'s work-product exception if it is internal to the government and prepared by a government agent as part of the investigation." *Federal Criminal Discovery* at 135. In addition, this treatise explains:

> Also in contrast with the *Hickman* [*v. Taylor*, 329 U.S. 495 (1947),] doctrine and the Civil Rules, Rule 16(a)(2) contains no provision for overcoming work-product protection. While ordinary work product is discoverable upon a showing of substantial need and undue hardship, materials protected by Rule 16(a)(2) are not discoverable under the rule upon that or any other showing. *The Court may, however, order disclosure, at least during the trial, under its inherent authority to require discovery.*

---

[6] Rule 16 "grants criminal defendants a broad right to discovery." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). Rule 16(a)(1)(E) provides that a criminal defendant is entitled to discovery of documents and tangible things that are within the government's possession, custody, or control if the requested information is "material to preparing the defense." Information is in the government's possession if the prosecutor "'has knowledge of and access to the documents sought by the defendant.'" *Stever*, 603 F.3d at 752 (quoting *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995)). In order to obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.*

*Id.* at 137-38 (footnotes omitted) (emphasis added). The extent of the Court's "inherent authority" to order the government to produce material protected under Rule 16(a)(2), at least outside of *Brady* and *Giglio*, is unclear.

Heine argues that because the government has made several material misstatements regarding the relationship between the USAO, the FDIC, and Agent Wixted of the FDIC-OIG, his motion to compel should be granted. The government concedes that it has made several misstatements, but asserts that it did not make any misstatements knowing that they were incorrect at the time and that it has since corrected all misinformation previously supplied to the Court, to the best of the government's knowledge. ECF 448 at 33:8-21 (Transcript from hearing held on August 22, 2016). The Court accepts the government's representations.

The Court notes that that primary focus of Defendant Heine's Motion to Suppress Evidence (ECF 315) is his argument that the deposition of Heine taken by the FDIC on June 13, 2013, should be suppressed because it was compelled by the FDIC solely as a pretext to obtain evidence for Heine's criminal prosecution.[7] The Court further notes that during the suppression hearing held on August 22, 2016, AUSA Fay testified that FDIC-OIG Agent Wixted had been working as part of the prosecution team since at least June 10, 2013. *See* Transcript of Hearing of August 22, 2016 (not yet entered in ECF) at 84:1-92:10 (Fay testimony). The Court also notes that Agent Wixted testified on August 22, 2016, that he first learned on May 23, 2013, that the FDIC's legal division would be taking the deposition of Heine, but added that he played no role in issuing the subpoena to Heine and did not provide any questions to be asked during Heine's deposition. *Id.* at 217:12-218:25; 277:25-278:21 (Wixted testimony).

---

[7] Similarly, one of the two principal arguments advanced in Defendant Yates's Motion to Suppress (ECF 308) is that the deposition of Yates taken by the Bank on May 9, 2013, in the Bank's civil lawsuit against another former employee should be suppressed because it was compelled by the Bank allegedly acting as an "agent" for the government. ECF 328.

In light of the importance of the June 2013 time period to Heine's pending motion to suppress (and the government's representation that all documents showing Agent Wixted's communications with the FBI or USAO before he joined the prosecution team in June 2013 have been or will be produced without objection), the Court believes that there may be either *Brady* or *Giglio* material within the Wixted Emails sent or received between Agent Wixted and the FBI or USAO in June 2013 that mention Heine by name or position, regardless of whether Agent Wixted had already joined the prosecution team. Thus, the Court hereby orders the government to review (or review again) all such emails that mention Heine either by name or by position and that were sent or received during the month of June 2013 to determine whether *Brady* or *Giglio* material may be present. The Court further orders the government to produce any such material where production is required under *Brady* or *Giglio*, even if such material would otherwise be exempt from discovery under Rule 16(a)(2).[8] To that extent and to that extent only, Defendant Heine's motion to compel the production of the Wixted Emails is granted. In all other respects, it is denied.[9]

---

[8] If the government believes that any material otherwise producible under *Brady* or *Giglio* should nevertheless be withheld under Rule 16(a)(2), the government may provide such material to the Court for *in camera* inspection.

[9] Any Wixted Emails first sent or received between Agent Wixted and the FBI or the USAO on or after July 1, 2013, even if they mention or refer to Heine, are unlikely to have any relevance on the question of whether the FDIC's compelled deposition of Heine on June 13, 2013 was undertaken solely as a pretext to obtain evidence for Heine's criminal prosecution. In addition, because the government does not object to producing all Wixted Emails or other Wixted Communication Notes sent or received before June 2013, Defendant Yates will receive (or already has received) all the Wixted evidence to which she may be entitled relating to her assertion that the Bank was acting as an agent for the government when the Bank took the deposition of Yates on May 9, 2013 in its civil lawsuit against another former Bank employee.

**D.  Other Communications Between FDIC-OIG Special Agent Wixted and FBI or USAO**

Defendant Heine also asks that the government be required to produce all notes and records of any communications (the "Wixted Communication Notes") from May 1, 2012 to the present, relating to the Bank or its current or former employees, that were sent between Agent Wixted and either the FBI or the USAO. As with the Wixted Emails, the government represents that it has or promptly will produce all responsive documents after May 1, 2012 and before Agent Wixted joined the prosecution team in June 2013. The government, however, objects to producing responsive Wixted Communication Notes created after Agent Wixted joined the prosecution team and further objects to the breadth of Defendant Heine's request.

The Court considers Defendant Heine's motion to compel production of the Wixted Communication Notes to be similar in all material respects to Defendant Heine's motion to compel production of the Wixted Emails. The Court's analyses and rulings are the same for both categories of documents. Thus, the Court hereby orders the government to review (or review again) all such Wixted Communication Notes that mention Heine either by name or by position and that were created, sent, or received during the month of June 2013 to determine whether *Brady* or *Giglio* material may be present. The Court further orders the government to produce any such material where production is required under *Brady* or *Giglio*, even if such material would otherwise be exempt from discovery under Rule 16(a)(2).[10] To that extent and to that extent only, Defendant Heine's motion to compel the production of the Wixted Communication Notes is granted. In all other respects, it is denied

---

[10] Alternatively, the government may submit any such material to the Court for *in camera* inspection. *See* n.8, *supra*.

## CONCLUSION

Defendant Heine's Motion to Compel Additional Discovery (ECF 412), which Defendant

Yates has joined (ECF 443), is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED**.

DATED this 11th day of October, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 13 –OPINION AND ORDER