# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:15-cr-238-SI |
| v. | **PRELIMINARY JURY INSTRUCTIONS** |
| **DAN HEINE** and **DIANA YATES**, | |
| Defendants. | |

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

You now are the jury in this case. I want to take a few minutes to tell you something about your duties as jurors and to give you preliminary instructions. You should keep a copy of these written preliminary instructions until we get to the end of the trial. You are welcome to consult these preliminary instructions whenever you wish. Do not, however, do any independent research, and do not look anything up. At the end of the trial, I will give each of you written final instructions. The final instructions will control your deliberations.

When you deliberate, it will be your duty to weigh and evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you, and you must perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You also should not be influenced by any person's race, color, religion, national ancestry, gender, or sexual orientation.

## THE CHARGES—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government against two defendants. One defendant is Mr. Dan Heine. The other defendant is Ms. Diana Yates. The United States charges both defendants with Conspiracy to Commit Bank Fraud (contained in Count 1) and Making False Bank Entries or Aiding and Abetting Making False Bank Entries (contained in Counts 2 through 19). The charges against the defendants are contained in the indictment. The indictment simply describes the charges the government brings against the defendants. The indictment is not evidence and does not prove anything.

Both defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves a defendant guilty beyond a reasonable doubt. In addition, each

defendant has the right to remain silent and never have to prove his or her innocence or present any evidence.

Although the two defendants are being tried together, you must give separate consideration to each defendant and to each count. In doing so, you must determine which evidence in the case applies to which defendant, disregarding any evidence admitted solely against the other defendant. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to the other defendant. Similarly, your verdict on any count should not control your verdict on any other count.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case, along with explanations of several terms and phrases.

A.    **Conspiracy to Commit Bank Fraud (Count 1)**

Both defendants are charged in Count 1 of the indictment with the crime of Conspiracy to Commit Bank Fraud, in violation of Section 1349 of Title 18 of the United States Code. The underlying crime of Bank Fraud, although not separately charged, is a violation of Section 1344(1) of Title 18 of the United States Code. You do not need to find that a defendant committed the underlying crime of Bank Fraud in order to find that he or she committed the crime of conspiring to do so.

In order for a defendant to be found guilty of conspiracy, the government must prove each of the following two elements beyond a reasonable doubt:

First, beginning on or about September 2009, and continuing through at least September 2014, there was an agreement between two or more persons to commit the crime of Bank Fraud; and

<u>Second</u>, a defendant became a member of that conspiracy knowing of its objective and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful. It does not matter whether the crime agreed upon was committed.

In this case, the government must prove that there was an agreement or understanding to commit the crime of Bank Fraud. There are three elements of the crime of Bank Fraud. They are:

<u>First</u>, a defendant knowingly executed a scheme to defraud a bank as to a material matter;

<u>Second</u>, the defendant did so with the intent to defraud a bank; and

<u>Third</u>, the bank was insured by the Federal Deposit Insurance Corporation (also known as the "FDIC").

I will now explain the terms "knowingly," "scheme to defraud a bank," "material matter," and "intent to defraud."

**(1)    "Knowingly"**

An act is done knowingly by a defendant if that defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful. You may consider evidence of a defendant's words, acts, or omissions, along with all of the other evidence, in deciding whether that defendant acted knowingly.

**(2)    "Scheme to Defraud a Bank"**

The phrase "scheme to defraud a bank" means any deliberate plan of action or course of conduct by which someone intends to (a) deceive or cheat (b) a bank out of something of value. In this context, the words "deceive" and "cheat" are different ways of saying the same thing.

PAGE 4 – PRELIMINARY JURY INSTRUCTIONS

Both require dishonesty or misleading conduct. For there to be a scheme to defraud a bank, it is not necessary for the government to prove that the bank was the only or sole victim of that scheme. Also, for there to be a scheme to defraud a bank, it is not necessary for the government to prove that a defendant actually was successful in defrauding the bank or that the bank actually lost any money or property as a result of the scheme.

**(3)    "Material Matter" ("Materiality")**

In the context of a scheme to defraud, the phrase "material matter" means something that is important and relevant to a serious decision. A statement is material when it contains information that has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to whom or which it was addressed. Similarly, omitted information is material when the information that has been left out has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to whom or which it was addressed. The government does not have to prove actual reliance upon a defendant's misrepresentation to show the materiality of that representation.

**(4)    "Intent to Defraud a Bank"**

A person acts with intent to defraud a bank if he or she acts knowingly with the intent to (a) deceive or cheat (b) a bank out of something of value. In this context, the words "deceive" and "cheat" are different ways of saying the same thing. Both require dishonesty or misleading conduct.

**B.    Making a False Bank Entry(Counts 2 through 19)**

Both defendants are charged in Counts 2 through 19 of the indictment with the crime of Making a False Bank Entry, in violation of Section 1005 of Title 18 of the United States Code, and aiding and abetting that crime, in violation of Section 2 of Title 18 of the United States Code. In order for a defendant to be found guilty of the charge of Making a False Bank Entry, the government must prove each of the following four elements beyond a reasonable doubt:

First, a defendant made a material false entry in the books or records of a bank, caused a material false entry to be made, or aided and abetted the making of a material false entry;

Second, the bank was insured by the Federal Deposit Insurance Corporation (FDIC);

Third, the defendant knew the entry was false when it was made; and

Fourth, the defendant intended that the false entry injure or defraud a bank, or any individual person, or deceive any officer of a bank, or the Federal Deposit Insurance Corporation (FDIC), or any agent or examiner appointed to examine the affairs of a bank.

I will now explain the terms "false bank entry," "material," and "aided or abetted."

**(1)    "False Bank Entry"**

An entry in the books or records of a bank is false if it is intentionally made to represent what is not true or does not exist. For purposes of this crime, an entry can be false if it omits, or leaves out, material information necessary to make what is stated or included in that entry not misleading or deceptive.

**(2)    "Material" ("Materiality")**

In this context, a statement or omission in a bank entry is material if it is important and relevant to a serious decision. A statement is material when it contains information that has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to whom or which it was addressed. Similarly, omitted information is material when the information that has been left out has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to whom or which it was addressed. The government does not have to prove actual reliance upon a defendant's misrepresentation to show the materiality of that representation.

(3)    "Aided and Abetted"

A defendant may be found guilty of the crime of Making a False Bank Entry even if that defendant personally did not commit the act or acts constituting the crime but instead aided and abetted in its commission. To prove a defendant guilty of Making a False Bank Entry by aiding and abetting, the government must prove each of the following four elements beyond a reasonable doubt:

First, the crime of Making a False Bank Entry was committed by someone;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to the crime of Making a False Bank Entry;

Third, the defendant acted with the intent to facilitate the crime of Making a False Bank Entry; and

Fourth, the defendant acted before the crime was completed.

It is not enough that a defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. For aiding and abetting liability, the evidence must show beyond a reasonable doubt that a defendant acted with the knowledge and intention of helping another person commit the crime of Making a False Bank Entry.

A defendant acts with the intent to facilitate a crime when that defendant actively participates in a criminal venture with advance knowledge of the crime.

If the government proves the crime of Making a False Bank Entry, the government is not required to prove precisely which defendant actually committed that crime and which defendant aided and abetted that crime.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits that are received in evidence; and

(3)     any facts to which the parties agree (or stipulate).

## WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, by email, by text or other electronic messaging, or through any Internet or social media chat room, blog, website, or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other form of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation. This also applies to communicating with everyone else, including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in a federal court trial, and you may say how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case: (1) you must respond

PAGE 10 – PRELIMINARY JURY INSTRUCTIONS

that you have been ordered by a federal judge not to discuss the matter until after the trial has concluded; and (2) you must report the contact to me.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using any other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet program, application, or any other device to learn more about or to investigate anything discussed or even mentioned during the trial. It is very important for a fair trial that you do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until after you have been excused as jurors from this trial. If you happen to read or hear anything touching on this case in the media, turn away, and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that each of you follow these rules.

PAGE 11 – PRELIMINARY JURY INSTRUCTIONS

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, you must notify me as soon as possible.

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case at the end of the trial. Do not let note-taking distract you from being attentive. When you leave the courthouse for recesses, your notes should be left in the jury room. No one will read your notes. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## CONFERENCES AND RECESSES

During the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference to the side of the bench or, when necessary, by calling a recess. I will do what I can to keep the number and length of these conferences to a minimum, and I may not always immediately grant an attorney's request for a conference.

## OUTLINE OF TRIAL

The next phase of the trial will begin shortly. First, each party may make an opening statement. We will begin with the government, followed by each of the two defendants, one at a

time. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

After opening statements, the government will begin to present evidence. The government will call a witness and ask the witness questions. That is called "direct examination." When the government is done questioning that witness, each of the two defendants will be given an opportunity to question that witness. That is called "cross-examination." When the last defendant has completed cross-examination of a witness, I will allow the government to ask any follow-up questions, based on the cross-examinations. That is called "redirect examination." After that, I will allow each defendant to ask any follow-up questions. That is called "re-cross." When all of the questioning of a witness has been completed by all parties, the witness will step down, and the government may call its next witness. I will try to alternate which of the two defendants goes first in cross-examination. You should not draw any conclusions or make any inferences, however, based on which defendant cross-examines a witness first.

After the government has called all of the witnesses that it wishes to call, the government will say "the government rests its case." I will then give the defendants, one at a time, the opportunity to call witnesses. A defendant has no obligation to call a witness, but if a defendant wants to call a witness, the questioning will proceed with direct examination by the party who called that witness, followed by cross-examination by the other two parties, starting with the other defendant. That will be followed by re-direct, and re-cross. After a defendant has called all of the witnesses that defendant wishes to call, that defendant's lawyer will say "the defense rests." I will then invite the other defendant to begin calling its witnesses, if that defendant chooses to do so. After the second defendant rests, I will give an opportunity to the government to call any additional witnesses, who are called "rebuttal witnesses."

PAGE 13 – PRELIMINARY JURY INSTRUCTIONS

After rebuttal, all of the evidence will have been presented to you. I will then instruct you on the law that applies to the case, giving each of you written copies of my final jury instructions. The attorneys then will make their closing arguments. After that, you will go to the jury room to deliberate on your verdict.

### CAUTIONARY INSTRUCTION—RECESS

We will soon take a break or recess. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in Facebook, Twitter, Internet chat rooms, Internet blogs, Internet bulletin boards, emails, text messaging, or any other form of electronic or social media. If anyone tries to communicate with you about the case, in person, by telephone, by mail, or electronically, you must let me know about that communication or contact as soon as possible.

Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using any other reference materials, and do not make any investigation about the case on your own. You must keep an open mind until all of the evidence has been presented and you have heard my final jury instructions on the law, the closing arguments of counsel, and the views of your fellow jurors. This is necessary to ensure that all parties receive a fair trial.

If you need to speak with me about anything, simply give a signed note to the clerk of the courtroom, Mary Austad, and she will give it to me.

PAGE 14 – PRELIMINARY JURY INSTRUCTIONS