IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DAN HEINE and DIANA YATES**, <br><br> Defendants. | Case No. 3:15-cr-00238-SI-2 <br><br> **OPINION AND ORDER** |

Billy J. Williams, United States Attorney, and Claire M. Fay, Michelle Holman Kerin, and Quinn P. Harrington, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF OREGON, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for the United States of America.

Jeffrey Alberts and Mark Weiner, PRYOR CASHMAN, LLP, 7 Times Square, New York, NY 10036; Caroline Harris Crowne and Michael C. Willes, TONKON TORP, LLP, 1600 Pioneer Tower, 888 SW Fifth Avenue, Portland, OR 97204. Of Attorneys for Defendant Dan Heine.

Janet Lee Hoffman, Kelsey R. Jones, Andrew T. Weiner, Katherine Feuer, and Douglas J. Stamm, JANET HOFFMAN & ASSOCIATES, LLC, 1000 SW Broadway, Suite 1500, Portland OR 97205; Matthew J. Kalmanson, HART WAGNER, LLP, 1000 SW Broadway, Suite 2000, Portland, OR 97205. Of Attorneys for Defendant Diana Yates.

**Michael H. Simon, District Judge.**

Defendants Dan Heine and Diana Yates are charged with conspiracy to commit bank fraud and making false bank entries, reports, and transactions during the time that they were the two highest ranking officers at The Bank of Oswego (the "Bank"). On November 8, 2017, the

Court held a hearing pursuant to Rule 104 of the Federal Rules of Evidence ("FRE"), outside the presence of the jury, to consider the Government's objection to Defendant Yates's proposed expert witness on memory issues. The Court heard arguments from counsel and proffered testimony from Daniel Reisberg, Ph.D. For the following reasons, the Court sustains the Government's objection to the proffered expert witness testimony.

## DISCUSSION

According to Defendant Yates's Amended Rule 16 Disclosure for Expert Witnesses (ECF 515), Defendant Yates seeks to offer expert testimony from Daniel Reisberg, Ph.D., regarding the functioning and fallibility of human memory. According to Defendant Yates, Dr. Reisberg will not offer any opinions regarding the functioning or fallibility of any particular witness's memory and "will not vouch for any particular witness or comment on his or her credibility." ECF 515 at 14. Instead, describes Defendant Yates, "Dr. Reisberg's testimony will be limited to general principles of human memory and cognition." *Id*. Both the Government and Defendant Heine objected to Yates's summary of expected expert testimony by Dr. Reisberg. ECF 407 (Heine's objections to Yates's original notice); ECF 524 (Heine's objections to Yates's amended notice); ECF 525 (Government's motion *in limine*). Yates responded (ECF 533), and Heine and the Government replied. ECF 540 (Heine); ECF 541 (Government). In addition, the Court allowed Yates to file a sur-reply, which she did. ECF 546. On November 8, 2017, the Court held a preliminary hearing pursuant to FRE 104 at which Dr. Reisberg testified in the form of a proffer. After that proffer, Defendant Heine appears to no longer object to Defendant Yates calling Dr. Reisberg as an expert witness.

The Court finds that Dr. Reisberg is eminently qualified as an expert in the field of human memory and its failings. *See* ECF 515-3 (vita). The only issue before the Court is whether Dr. Reisberg's specific proffered testimony in this case will be helpful to the jury. To be

PAGE 2 – OPINION AND ORDER

admissible, expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." FRE 702(a). Among other things, the trial court must be satisfied that the expert testimony is "relevant to the task at hand." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014). As the Supreme Court explained in *Daubert v. Merrell Dow Pharm., Inc.*,

> Rule 702 further requires that the evidence or testimony "assist the trier of fact to understand the evidence or to determine a fact in issue." This condition goes primarily to relevance. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." 3 [J.] Weinstein & [M.] Berger[, WEINSTEIN'S EVIDENCE] ¶ 702[02], p. 702–18 [(1988)]. *See also United States v. Downing*, 753 F.2d 1224, 1242 (CA3 1985) ("An additional consideration under Rule 702—and another aspect of relevancy—is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute"). The consideration has been aptly described by Judge Becker as one of "fit." *Ibid*. "Fit" is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes.

509 U.S. 579, 591 (1993).

In *United States v. Libby*, the district court held that the defendant failed to satisfy his burden to establish that an expert witness's testimony regarding the science of memory would assist the jury in determining a fact in issue. In that case, the district court excluded the proffered testimony of Dr. Elizabeth Loftus and several general surveys, noting that "the questions asked in these surveys were posed in a vacuum and did not provide a valid assessment of whether any perceived failure to understand memory errors can be rectified by the normal trial process." 461 F. Supp. 2d 3, 14 (D.D.C. 2006). The district court concluded that the proffered expert testimony on memory would not be "helpful to the jury" under FRE 702 because the theories are not "beyond the ken of the average juror" and the trial processes would serve the same purpose. *Id*. at 18. In addition, the district court ruled that the proffered expert testimony is inadmissible

under FRE 403. The court found that the probative value of the testimony would be minimal and that the prejudicial effect of invading the jury's role in assessing the credibility of witnesses substantially outweighed any probative value. *Id*. Other courts have reached similar conclusions in considering the admission of expert testimony on memory in ordinary cases. *See, e.g.*, *United States v. Redwood*, 216 F. Supp. 3d 890, 891 (N.D. Ill. 2016) (excluding memory expert under FRE 702 and FRE 403 and noting that "[w]hile in unique circumstances expert testimony regarding memory and perception may be warranted, this is not one of those cases").

The same conclusions apply here. This trial does not involve issues of repressed or recovered memories. It also does not involve any issue of the effect of drug use on memory or the confusion of an imagined, dreamed, or hallucinated event with one that actually occurred.[1] Nor is there any argument in this case of suggestive or other improper questioning in the prior interviews of any of the witnesses or their prior statements that affected later recall.[2]

Instead, Yates argues that the proffered expert testimony will show the jury that memories are fallible and may deteriorate over time. At this level of generality, this information

---

[1] In *United States v. Preston*, 873 F.3d 829, 844 (9th Cir. 2017), the district court allowed the defendant to call a memory expert to discuss "source monitoring errors" by individuals, especially drug addicts, who "confuse an imagined, dreamed, or hallucinated event with one that actually occurred."

[2] In a criminal fraud and racketeering case decided ten years before *Daubert*, the defendant testified both before a grand jury and at trial five years later. His testimony had discrepancies. At trial, the district court permitted the defendant to call a memory expert, who testified that "a memory lapse was not indicative of willful lying." *United States v. Weiss*, 579 F. Supp. 1224, 1236 n.30 (S.D.N.Y. 1983). This decision also predated the 1984 amendment to FRE 704, which added the exception contained in FRE 704(b) ("In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone."). *See generally United States v. Morales*, 108 F.3d 1031, 1035-36 (9th Cir. 1997) (*en banc*) (discussing amendment to FRE 704). In addition, there is no argument in the pending case that a "memory lapse" is indicative of willful lying, and, in any event, that is not the subject matter of the proffered testimony.

is within the ken of the ordinary juror. Further, this case is both built and defended largely with documents. As of the close of the Government's case, more than 500 exhibits have been received in evidence from the Government, Defendant Heine, and Defendant Yates. Because the necessary fit between the proffered expert testimony and the facts of this case is lacking, the proffered evidence will not help the trier of fact understand the evidence or determine a fact in issue. FRE 702(a). Further, any minimally probative value that may be present would be substantially outweighed by the dangers of confusing the issues, misleading the jury, and usurping the jury's proper role in evaluating the credibility of the witnesses. FRE 403.[3] The Court accepts that in certain cases testimony from an expert witness in human memory, perception, and cognition, especially one as eminent as Dr. Reisberg, may be entirely appropriate. This trial, however, is not such a case.

## CONCLUSION

The Court sustains the Government's objection to the proffered testimony of Defendant Yates's expert witness on issues of human memory and its fallibility.

**IT IS SO ORDERED**.

DATED this 13th day of November, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[3] It is the "exclusive province and duty [of the jury] to determine . . . the weight and credibility of the testimony of the witnesses . . . ." *Allis v. United States*, 155 U.S. 117, 121 (1894).